NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

## IN RE MOTOROLA MOBILITY LLC

---

2012-1470
(Reexamination No. 90/010,278)

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

## ON MOTION

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

### O R D E R

The Director of the United States Patent and Trademark Office moves to waive the requirements of Fed. Cir. R. 27(f) and to remand for further proceedings. Motorola Mobility, Inc. (Motorola) opposes remand and requests that this court reverse the decision of the Board of Patent Appeals and Interferences (Board) or allows this matter to be heard by a merits panel without further briefing.  The Director responds.

Motorola's patent is directed to a method and apparatus in a communication receiver for producing different alerts for different call-back numbers, such that a user can identify a particular call-back number from its corresponding alert. Independent claim 1 is a communication receiver that includes a "processor means" that is coupled to the receiver means for processing the message to derive the received call-back number and coupled to the storage means for comparing the received call-back number with at least one user-programmed call-back number.

The examiner rejected claims 1-5 as unpatentable for obviousness under 35 U.S.C. § 103(a) based upon U.S. Patent No. 5,066,949 to Breeden et al. (the Breeden reference) in view of Japanese Examined Patent Application Publication No. S61-288541 to Amamiya et al. (the Amamiya reference). The Board found that the Amamiya reference teaches the function and structure of the processor means because "Amamiya's device includes a memory 6 that can store a programmed default audible alert. Moreover, as explained by the examiner, Amamiya's device includes an audible alert generator means called a sounding unit 18 that is controlled by the signal control circuit 5 with the ringing volume switching circuit 15 and the ringing tone switching circuit 16." The Board affirmed the examiner's rejections.

The Director now concedes that both the examiner and the Board failed to address whether or not the algorithm in Figure 4 of Motorola's patent specification was part of the structure required under 35 U.S.C. § 112, ¶ 6 or shown by the Breeden reference and/or the Amamiya reference. Although Motorola suggests that we should reverse the Board's decision, we deem it the better course to remand for the Board to reassess its obviousness

3                                             IN RE MOTOROLA MOBILITY LLC

analysis and its claim construction in light of the Director's concession of error.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is remanded for further proceedings consistent with this order.

(2)  Each side shall bear its own costs.

FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk


s26

ISSUED AS A MANDATE: March 5, 2013